USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELVIN LEBRON,

                Petitioner,

- against -

THOMAS C. SANDERS,

                Respondent.
------------------------------------------------------------X

02 Civ. 6327 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

### I.   Motion for DNA Testing

Pro se Petitioner Elvin Lebron has moved, pursuant to the Innocence Protection Act of 2004, 18 U.S.C. § 3600, to have DNA testing of his person on the grounds he is actually innocent of the murder charge on which he pled guilty and was convicted in Supreme Court, New York County, eleven years ago. Section 3600 of Title 18 applies only to persons "who are under sentence of imprisonment or death pursuant to a conviction for a Federal offense." 18 U.S.C. § 3600(a). On April 14, 2005, the Petitioner was advised by the Appellate Division (First Department) that his demand for DNA testing can be sought in state proceedings by way of Criminal Procedure Law 440. See Lebron v. Smith, 792 N.Y.S.2d 329, 330 (1st Dep't 2005).

### II.   Motion for Physical and Mental Examinations

Petitioner also has moved for compulsory physical and mental examinations of himself and several third parties, Robert Rodriguez, Vincent Perez, Xiomara Almantes, and David Taveras. Specifically, Petitioner asks that Dr. Lawrence A. Farwell of Herman Brain Research Laboratory Incorporated, 108 West Palm Drive, Fairfield, Iowa, and other specified professionals, conduct brain fingerprinting, brain imaging and near

infrared light emitter and polygraph tests on his person and the other named persons to determine "the exact nature and extent of their involvement, if any in the crime."

In a habeas corpus proceeding, a judge may only permit discovery of this nature "for good cause shown." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (citing Rule 6(a) of the Rules Governing § 2254, which provides "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise"). To show "good cause," a petitioner must provide an affidavit setting forth specific allegations that provide the court with "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting from Harris v. Nelson, 394 U.S. 286, 299 (1969)). Generalized statements about the possible existence of discovery material are insufficient. When the petitioner provides no specific evidence that the requested material would support his or her habeas corpus petition, courts will exercise their discretion to deny a discovery request. Gonzalez v. Bennett, 2001 U.S. Dist. LEXIS 19798 at *11-12 (S.D.N.Y. Nov. 30, 2001); Charles v. Artuz, 21 F. Supp. 2d 168, 170 (E.D.N.Y. 1988); Hirschfeld v. Comm'r of Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003).

In this proceeding, Petitioner's unexhausted habeas corpus claims are that he was arrested without probable cause and that his plea of guilty was coerced. To obtain the discovery he seeks, Petitioner must demonstrate that his development of these claims will be assisted by any of the tests he is seeking and, particularly, why physical or mental tests taken eleven years after his guilty plea would be indicative of the physical or mental state of the persons at the time of his arrest and conviction.

Since the Petitioner's motion papers do not show good cause for the ordering of any of the tests requested, the motion is denied without prejudice to his renewing the motion upon a showing that conducting such tests on Petitioner or any of the other named persons would assist Petitioner in the development of his claims.

### III. Motion for an Order to Allow Correspondence with Co-Defendant

Petitioner also moves for an order allowing him to correspond with his co-defendant who is incarcerated in a separate facility. He claims that correction officials are misusing prison regulations about inmate correspondence to prevent him from gathering information concerning his case and therefore impairing his right to meaningful access to the court. He also claims that prison officials have not observed the proper appeals process to allow him to challenge their actions. (Aff'm in Supp. of Motion at 2.) Prison officials are not parties to this proceeding.

If Petitioner believes his co-defendant has information or materials germane to his claims in this proceeding, he can use the discovery process in the Federal Rules of Civil Procedure (Rules 26-38) to obtain that information or the materials he is seeking.

If Petitioner believes his constitutional right to access to the courts is being impeded by prison officials or prison regulations, his proper avenue for relief is to commence an action against those officials pursuant to 42 U.S.C. § 1983.

Petitioner's motion for an order against prison officials in this action is denied without prejudice to his bringing a § 1983 action against named prison officials.

3

IT IS SO ORDERED.

Dated: New York, New York
December 22, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order Sent to:

Elvin Lebron
95 A 0121
Clinton Correctional Facility
P.O. Box 2000
Institution Road
Dannemora, NY 12929

Robert M. Morgenthau
District Attorney of the County of New York
By: Richard Nahas, ADA
One Hogan Place
New York, NY 10013
Tel: 212-335-9000
Fax: 212-335-9288