UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ELVIN LEBRON,                                  :

                 Petitioner,   :         02 Civ. 6327 (RPP)

     -against-                              :        **OPINION AND ORDER**

THOMAS C. SANDERS,                             :

                Respondent.   :
------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Petitioner's petition for a writ of habeas corpus was dismissed by this Court on March 25, 2008, see Lebron v. Sanders, 2008 U.S. Dist. LEXIS 24060 (S.D.N.Y. 2008) (RPP), and he timely filed a notice of appeal with this Court. Subsequently, on April 21, 2008, the Court received two handwritten letters from Petitioner, both dated April 4, 2008. Neither letter contains any indicia that Petitioner had served a copy on Respondent's counsel.

      In his first letter to the Court, Petitioner wrote that he wished to, "'withdraw' [his] notice of appeal pending the outcome on this request for reconsideration and/or modification of opinion and order dated March 25th, 2008, pursuant to Federal Rules of Civil Procedure 54(B) and 60(B)." (Lebron Letter #1 at 1.) In asking for reconsideration of his petition, Petitioner contended that the Court failed to address his claims that he called his attorney, Walter P. Jones, on May 27, 1994, expressing his desire to withdraw his plea and continue to trial; that he protested his innocence to his Probation Officer who drafted the presentence report on June 6, 1994; that he told the female court officer with a tribal tattoo and the other male court officer, who were escorting him to and from the courtroom on May 24, 1994 that he was innocent before

and after pleading guilty; and he gave sixty-seven other unsupported factual allegations relating to his guilty plea.

Petitioner is mistaken. The Court's March 25, 2008 Opinion and Order (the "3/25/08 Opinion") addressed the issue of whether Petitioner's plea of guilty was knowing and voluntary (3/25/08 Opinion at 18-24), and it also considered all of the claims Petitioner mentioned in his first letter that bear on the issue of the knowing and voluntary nature of his guilty pleas to the crimes for which he was sentenced, as well as his attempted withdrawals of those same pleas. (Id.) After considering all the matters raised by Petitioner, the Court found that, pursuant to 28 U.S.C. § 2554(e)(1) and Marshall v. Lonsberger, 459 U.S. 422 (1983), Petitioner's claims were not sufficiently supported by the evidentiary record. (Id. at 23-24.) The Court also found that Petitioner's claim of unlawful arrest (id. at 13-16), his claim that his plea of guilty to manslaughter was illegal under New York Law (id. at 17), and his claim that an evidentiary hearing was required with respect to his motion to withdraw his guilty plea (id. at 17-18), were not recognizable for federal habeas review. The Court then reviewed a host of claims brought by Petitioner and found them procedurally defaulted under New York law. (Id. at 24-30.)

In that same letter, Petitioner also contends that the Court did not decide his claim of actual innocence. But, as pointed out in the Opinion (03/25/08 Opinion at 12), such a claim required Petitioner to make a factual showing that he was actually innocent of the three crimes to which he pled guilty. (Id. at 12.) Bousley v. United States, 523 U.S. 614, 622 (1998). At no point has Petitioner made such a showing.

Next, Petitioner claims that this Court failed to grant him an evidentiary hearing on the claims in his petition. However, before an evidentiary hearing will be held, the Court must review the determination of the factual issue made by the state court and shall presume it to be

correct unless the petitioner has rebutted it by clear and convincing evidence. 18 U.S.C. § 2254(e)(1). As set forth in the Opinion, Petitioner failed to rebut the clear and convincing evidence supporting the factual determinations of the New York State courts. Accordingly, the Petitioner's letter for reconsideration is denied.

In his second April 4, 2008 letter to the Court, Petitioner asks that the Court furnish him with copies of fourteen cases to which he has no access. This application is denied. Petitioner will have to ask the prison library for copies of whatever cases he needs.

IT IS SO ORDERED.

Dated: New York, New York
October 23, 2008

Robert P. Patterson, Jr.
United States District Judge

Copies of this Opinion and Order Sent to:

Elvin Lebron
95 A 0121
Clinton C.F.
P.O. Box 2000
Institution Road
Dannemora, NY 12929

Robert M. Morgenthau
District Attorney of the County of New York
By: Richard Nahas, ADA
One Hogan Place
New York, NY 10013
Tel: 212-335-9691
Fax: 212-335-9288

3